**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ATLANTIC COUNTY CENTRAL MUNICIPAL COURT INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TYESAH GERMAN BEY, <br><br> Defendant. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 24-0105 (KMW-SAK) <br><br> **MEMORANDUM OPINION AND ORDER** |

THIS MATTER comes before the Court by way of Defendant Tyesah German Bey's ("Defendant") filing titled "NOTICE Writ of Error" (ECF No. 4) which the Court gleans as a response to its February 1, 2024 Order ("Order") denying without prejudice Defendant's application to proceed *in forma pauperis* ("IFP") application (ECF No. 3); and

THE COURT NOTING that Defendant asserts the cases this Court cited in its Order do not apply to her because she is not a prisoner. (ECF No. 4) She also states the "Certification In Lieu of Financial Statement" which she submitted with her IFP application is a "lawful disposition regarding her ability to complete this court matter with resources availed to her." (*Id.*) She further states she "has no standing obligation to disclose any of her personal and private information." (*Id.*); and

THE COURT NOTING that Defendant's "Certification In Lieu of Financial Statement" states that Defendant does "not have money to pay for access to the court." (ECF No. 1) Defendant further avers that a request for a "financial statement" from her is a violation of the "Bill of Rights[s]" and "Due Process." (ECF No. 1); and

THE COURT NOTING that pursuant to 28 U.S.C. § 1915(a)(1),[1] a court may allow a litigant to proceed without prepayment of fees if he or she submits a proper IFP application. Although Section 1915 refers to "prisoners," federal courts apply Section 1915 to non-prisoner IFP applications. *See Hickson v. Mauro*, No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011) (compiling cases where federal courts have acknowledged Section 1915 applies to non-prisoner applications); and

THE COURT NOTING that the *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, proceeding *in forma pauperis* is a privilege, not a constitutional right. *Shahin v. Sec'y of Del.*, 532 F. App'x 123 (3d Cir. 2013); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 316 (3d Cir. 2001). Section 1915(a) allows a litigant, including a non-prisoner, to commence a civil action in federal court *in forma pauperis* by filing in good faith an affidavit stating, among other things, that he or she is unable to pay the costs of the lawsuit. *See Neitzke*, 490 U.S. at 324. The requirement that a plaintiff demonstrate financial need through submission of a complete financial affidavit is an essential part of the statute. *See* 28 U.S.C. § 1915(a)(1); *Roy v. Penn Nat. Ins. Co.*, No. 14-4277, 2014 WL 4104979, at *1 (D.N.J. Aug. 19, 2014) (recognizing that when a non-prisoner seeks permission to file a civil complaint *in forma pauperis* under Section 1915, the Prison Litigation Reform Act "requires the person to submit an affidavit that includes a statement of all assets and that the person is unable to pay such fees or give security therefor"). Failure to submit a completed financial affidavit renders an IFP

---

[1] Section 1915(a)(1) provides, in pertinent part:

> [A]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay [the applicable filing] fee or give security therefor.

application incomplete and this defect warrants the application's denial. *See Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011) (affirming denial of *in forma pauperis* status due to prisoner's failure to submit affidavit of poverty identifying all of his assets and declaration that he was unable to pay the required fees as there was no way for the district court to properly determine prisoner's eligibility to proceed *in forma pauperis*); *Estate of Robertson v. City of Jersey City*, No. 23-835, 2023 WL 3043638, at *1 (D.N.J. Apr. 21, 2023) (denying IFP application due to plaintiffs' failure to provide affidavit that fully explains how they support themselves); and

THE COURT NOTING that at least one other court in this District has addressed an attempt by litigants to file a submission in lieu of filing an *in forma pauperis* application. *See El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537 (D.N.J. 2011). In *El Ameen Bey*, the Court denied *in forma pauperis* status to the plaintiffs after they filed a document in lieu of filing an *in forma pauperis* application which stated, in part, that "[a] demand for a '[f]inancial statement[]' is used as an instrument to deny [] due process" and did not provide any indication to the Court about the plaintiffs' assets. *Id.* at 548, 551. In denying the plaintiffs *in forma pauperis* status, the Court further stated the following:

> . . . this Court notes its concern with Plaintiffs' resort to [their submission] instead of a valid IFP application. However, granting Plaintiffs the benefit of the doubt, the Court cannot rule out the possibility that Plaintiffs were simply misled . . . , and their submission of [the form submitted in lieu of an *in forma pauperis* application] was not meant to operate as an abuse of the legal system. Therefore, the Court will direct the Clerk to serve Plaintiffs with three court-authorized blank IFP forms for individuals seeking to file a civil complaint: Plaintiffs will be obligated to complete *these* forms in the event they wish to seek IFP status. The Court strongly encourages Plaintiffs to complete these forms with utmost care and diligence . . . . The Court reminds Plaintiffs that these affidavits will be deemed statements made under penalty of perjury. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621. Finally, the Court takes this opportunity to put Plaintiffs on notice that their submission of another [filing in lieu of an *in forma pauperis* application] . . . will *not* aid Plaintiffs in obtaining IFP status; on the contrary, Plaintiffs' submission of any such document will be construed as mockery of the court and as Plaintiffs' express refusal to seek IFP status pursuant to the requirements of Section 1915(a)(1), causing the instant proceedings to be conclusively terminated on the grounds of Plaintiffs' failure to prosecute this action. *See*

> *Hookey v. Lomas*, 438 F. App'x 110 (3d Cir. 2011) (where the plaintiff refused to pay the filing fee or file the required motion to proceed *in forma pauperis*, the plaintiff's action was dismissed for failure to prosecute); *Arsad v. Gerula*, 366 F. App'x 323 (3d Cir. 2010) (same). The Court, therefore, urges Plaintiffs to take this warning seriously. "The courts in this nation stand ready to address challenges brought by litigants in good faith. Which, in turn, means that the judiciary –including the Judges in this District – expect litigants to treat their litigation with utmost seriousness, without abusing legal process and without unduly testing of the resolve . . . of the judiciary." *In re Telfair*, 745 F. Supp. 2d 536 (D.N.J. 2010).

*Id.* at 551-52; and

THE COURT FINDING that it previously reviewed all papers Defendant submitted in connection with her IFP application (ECF No. 1), including the "Certification in Lieu of Financial Statement" and rejected her application on the basis that she did not provide the information required of her in the application for this Court to determine whether she qualifies for *in forma pauperis* status. Following this Court's Order, Defendant, to date, has not submitted a complete IFP application. Instead, she challenges this Court's authority to request financial information from her in connection with her request to proceed *in forma pauperis*; and

THE COURT FURTHER FINDING that it shares concerns similar to those identified by the Court in *El Ameen Bey* with regard to Defendant's reliance on her "Certification in Lieu of Financial Statement" instead of a valid IFP application. The Court urges Defendant to complete the IFP application fully and candidly if she wishes to proceed with the instant matter *in forma pauperis* and reminds Defendant that any statements on the IFP application will be deemed made under penalty of perjury. *See El Ameen Bey*, 825 F. Supp. 2d at 552. Submission of another filing that challenges the authority of this Court to inquire about the financial circumstances of Defendant in connection with a request to proceed *in forma pauperis* or lists "N/A" in response to all questions on an IFP application will not aid Defendant in obtaining IFP status. This Court will construe those documents as a mockery of the Court, Defendant's refusal to seek *in forma pauperis* status

4

pursuant to Section 1915(a)(1), and grounds for this Court to terminate this action for lack of prosecution. *See El Ameen Bey*, 825 F. Supp. 2d at 552.

THEREFORE, IT IS this 22nd day of **March, 2024,** hereby

**ORDERED** that should Defendant wish for the Court to consider a request to proceed with the instant matter *in forma pauperis*, she shall file a completed Application to Proceed in District Court Without Prepaying Fees or Costs by **April 5, 2024**, with answers to all questions on the application and in a manner that makes clear to the Court how she is supporting herself. If Defendant is being supported by others, she may indicate that fact on her application. She may provide any additional information that would be helpful to the Court in understanding her financial circumstances. Alternatively, should Defendant not wish to seek IFP status, she may proceed with this case by paying the $405 filing fee to the Clerk of Court by **April 5, 2024**; and it is further

**ORDERED** that should Defendant fail to submit a completed IFP application or pay the filing fee to the Court, this action will be dismissed without prejudice; and it is further

**ORDERED** that the Clerk of Court shall send Defendant a copy of this Order by regular U.S. mail.

KAREN M. WILLIAMS
U.S. DISTRICT JUDGE

5